HAYES v. DRAIN.

A subsequent indorser of a negotiable note, who pays it under compulsion, need not show that he was duly notified of the non-payment by the maker, to sustain an action against his indorser.

In a suit by an indorsee against the indorser of a promissory note, it is sufficient to prove that the defendant had due notice of non-payment by the maker, from any party to the note.

*Wednesday,*
*December 6.*

APPEAL from the *Dearborn* Circuit Court.

HOVEY, J.—*Hayes* sued *Drain* in an action of assumpsit. The declaration contains a special count, and a count for money paid, &c., for the defendant. The plea of non assumpsit was filed by the defendant, and the cause submitted to the Court for trial.

The plaintiff and defendant were indorsers on an accommodation note made by *Milton Gregg*, and payable at the *Lawrenceburgh* branch of the state bank of *Indiana.* The note was discounted by the bank, and the proceeds placed to *Gregg's* credit. *Drain* was the payee, and indorsed the note to *Hayes*, who indorsed the note in blank. *Gregg* failed to pay the note at maturity, and the bank, on the same day, notified *Drain* of the non-payment. *Hayes* was sued on the note, judgment was rendered, and the amount paid by him before the commencement of this suit. All of the foregoing facts, with the note and indorsements, are set out in a bill of exceptions.

The Court, after continuing the cause for advisement, gave judgment at the succeeding term in favor of the defendant, because there was no proof that *Hayes* was duly notified by the bank of the non-payment of the note by *Gregg*.

The only question in the record is, whether a subsequent indorser who pays the note under compulsion, must show that he has been duly notified of the non-payment by the maker, before he can sustain an action against his assignor.

We think the plaintiff is not compelled to make such proof. The fact that the bank recovered judgment against

*Hayes* for the amount of the note, is *prima facie* evidence that *Hayes* was duly notified; but even if he was not, that fact could not lessen the liability of *Drain*, who was. Notice is required in these commercial transactions, for the purpose of giving the parties in interest an opportunity of protecting and guarding their rights, and where their rights can not be affected by such notice, the law does not require it to be given. See Chitty on Bills 356. So far as *Drain* is concerned, it was wholly immaterial whether *Hayes* was notified or not, and it was not necessary that *Hayes* should have notified *Drain*, as it is sufficient to prove that he had due notice from any party to the note. 2 Starkie Ev. 225, and note *s*. In actions between indorsee and indorser, the plaintiff must prove, "1. The indorsement by the defendant, which amounts to an admission of the drawing and the previous indorsements. 2. Due presentment. 3. The refusal to accept or pay. 4. Due notice to the defendant or facts in excuse. 5. Title in himself by indorsement; and, 6. In the case of a foreign bill, a protest." 2 Stark. Ev. 233.

The evidence covers all of these points, with the exception of the fifth; and we think the payment made by *Hayes*, under the circumstances, fully supplies that link.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*T. Gazlay* and *J. Ryman*, for the plaintiff.